# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| TERRANCE T. BROWN | CIVIL ACTION NO. 3:11-cv-0526 |
| LA. DOC #432458 | |
| VS. | SECTION P |
| | JUDGE DONALD E. WALTER |
| WEST MONROE POLICE | |
| DEPARTMENT, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Terrance T. Brown, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 31, 2011. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the River Bend Detention Center, Lake Providence, Louisiana. He sues the West Monroe Police Department and several of its officers (Captain James Keys, Officer George S. Horton, Officer Jean (or Sean) Riddick and the Chief of Police and Mayor of West Monroe) alleging that he was the victim of an unlawful search and seizure conducted by the defendants on August 13, 2005. Plaintiff prays for compensatory, nominal, and punitive damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### Background

Plaintiff alleged the following facts in support of his complaint:

On August 13, 2005, Petitioner Terrance T. Brown, was arrested from his residence of 200 South 25th Street, Apartment B in the City of Monroe, Louisiana. Here on said date petitioner was affected by an illegal search and seizure by the agency of

West Monroe City Police Department. Accordingly officer George S. Horton, Sean Reddick, and Captain James Keys upon arrival of said residence apparently were knocking for about twenty minutes due to the Disturbance by said officers petitioner was awaken by the loud noise.

Hereafter, petitioner upon opening his side door of his residence all was seen was the officers with their weapons at bay, suddenly officer George S. Horton forced himself into petitioner's residence and immediately placing him in handcuffs. Subsequently officer Sean Reddick [along] with Captain James Keys thrust themselves in petitioner's residences as well, searching the residence and discovered contraband a (weapon) that were found in a pair of shoes. [Doc. 1-1, p.1]

He claimed thereafter,

The West Monroe City Police Officers, George S. Horton, Sean Reddick and Captain James Keys did constructively conspire together with deliberate intent by making an illegal search and seizure that violates the constitutional rights of Plaintiff to be protected against all unreasonable searches and seizures ... Therefore, when the police officers banded together forcefully enter into Plaintiff's residence without a search warrant and without any exigent circumstances or consent, or probable cause before entering, is a direct violation of the Fourth Amendment of the United States Constitution as well as the 14th Amendment Due Process Clauses and the Equal Protection Clauses. Invading privacy of the plaintiff infringing on his liberty. See 28 U.S.C. 1988 and 42 U.S.S. 1983.[Doc. 1-1, p. 2]

He concluded his complaint with the following prayer for relief:

Wherefore Plaintiff prays for monetary damages and nominal damages of $3,000,000,000 per defendants for the invasion of privacy in addition another punitive damages $3,000,000,000 per defendants for the malicious act that was inflicted upon plaintiff by defendants for the unlawful entry and physiological mental distress long-term repercussion due the cruelty and malicious nature of acts that was imposed by infringing on his personal liberties. [Doc. 1-1, p. 14]

### *Law and Analysis*

#### *1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the

complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). Nevertheless, in order to be afforded the benefits of this assumption a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); see also *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v.*

3

*Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff has alleged specific facts in support of his claim for relief and has specifically alleged the basis of his claim for relief. Further amendment would serve no useful purpose.

## 2. Limitations

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need  not realize that a legal cause of action exists but only that the facts support a claim. *See*, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's claims – that he was the victim of an unconstitutional search and seizure– accrued on August 13, 2005, when the defendant police officers allegedly entered his home, searched it, and

seized contraband without a warrant, probable cause or exigent circumstances. On that date plaintiff had knowledge of all the facts necessary to know that his rights were violated.[1]

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Plaintiff's complaint was filed in March 2011, clearly beyond the 1-year period of limitations, and therefore is subject to being dismissed as frivolous.

### 3. Equitable Tolling

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998). However, nothing herein suggests that this plaintiff is entitled to equitable tolling of the limitations period. Lack of knowledge about the law, does not justify equitable tolling. *See  Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling).

Based on the evidence currently available, plaintiff is not entitled to the benefits of equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence

---

[1] Plaintiff, according to his complaint, "was injured and suffered damages" at the moment the defendants entered his home and therefore the cause of action accrued at that precise moment. Compare *Wallace v. Kato*, 549 U.S. 384, 390 at fn. 3 (2007).

claims support equitable tolling of the AEDPA statute of limitations). See also *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief...").

Plaintiff is incarcerated; however, that fact alone does not support a claim for equitable tolling. Indeed, since 2009, plaintiff has filed at least six civil actions, including the instant case. *See Brown v. Ouachita Correctional Center*, No. 3:09-cv-2147; *Brown v. Hill, et al.*, No. 3:09-cv-2170; *Brown v. Noel, et al.*, No. 3:10-cv-0479; *Brown v. Louisiana, et al.*, No. 3:10-cv-1618; *Brown v. Riverbend Detention Center*, 3:10-cv-1885; and the instant civil action. Plaintiff is clearly familiar with legal process and procedures and is therefore not entitled to equitable tolling.

### Recommendation

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United*

6

*Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, June 13, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE